UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATE OF AMERICA

V.                                                                       Docket No. 13-CR-10048-FDS

KING BELIN
        Defendant

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, King Belin, submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. Mr. Belin reserves the right to supplement or modify these requested instructions based on the evidence introduced at trial.

        Respectfully submitted,
        King Belin,
        By His Attorney,

DATE:     December 3, 2014          /s/ Paul J. Garrity
        Paul J. Garrity
        Bar No. 555976
        14 Londonderry Road
        Londonderry, NH 03053
        603-434-4106

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 3rd day of December, 2014, a copy of the within Defendant's Proposed Jury Instructions has been efiled to all parties of record and mailed, postage prepaid to Belin King.

        /s/ Paul J. Garrity
        Paul J. Garrity

**TABLE OF CONTENTS**

Proposed Instruction (Evaluation Credibility of Law Enforcement Witnesses)……….…..1

Proposed Instruction (Evaluating Defense Attacks on Credibility of
    Enforcement Officer Witnesses)……………………………………………….….2

Proposed Instruction (Defendant's Constitutional Right Not to Testify)…………………..3

Proposed Instruction (Prior Conviction)……………………………………………………4

## PROPOSED INSTRUCTION

## EVALUATING CREDIBILITY OF LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his/her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

## PROPOSED INSTRUCTION

## EVALUATING DEFENSE ATTACKS ON CREDIBILITY OF LAW ENFORCEMENT OFFICER WITNESSES

It is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his/her testimony may be colored by a personal or professional interest in the outcome of the case.

**PROPOSED INSTRUCTION**

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## **PROPOSED INSTRUCTION**

### **PRIOR CONVICTION**

You have heard testimony that the defendant has previously been convicted of a crime that carries a maximum penalty of more than one year.  This evidence has been presented to you because one of the elements of the crime with which the defendant has been charged requires proof of this element.  You may consider the evidence on this issue to determine if the government has proven to you beyond a reasonable doubt that the defendant has such a prior conviction.  If the government proves to you beyond a reasonable doubt that the defendant has been previously convicted of a crime that carries a maximum penalty of more than one year, you may not, however, use this evidence to infer or conclude that the defendant is guilty of the present crime with which he is charged simply because he may have been previously convicted of a crime.