UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATE OF AMERICA

V.                                                                   Docket No. 13-CR-10048-FDS

KING BELIN
      Defendant

## MOTION IN LIMINE

NOW COMES the Defendant, King Belin, by and through counsel and moves this Court, pursuant to Rules 402, 403 and 802 of the Federal Rules of Evidence, to exclude from evidence at his trial the following:

1. Any and all evidence that the Defendant was allegedly in possession of marijuana at the time of his arrest;

2. Any and all evidence that the Defendant was allegedly a member of a gang;

3. Any and all evidence that the location where the Defendant was arrested is considered to be a high crime area and/or the scene of prior crimes;

4. Any and all evidence that that the Defendant was arrested and convicted in 2009 for unlawful possession of a firearm and ammunition;

5. Any and all evidence from the Defendant's offender profile (Government Proposed Exhibit 1);

6. Any and all evidence from the Defendant's Suffolk County Probation Supervision Sheet (Government Proposed Exhibit 2);

7. Any and all evidence from Certified Conviction Suffolk Superior Court No. 2009-10693, Commonwealth v. King Belin (Government Proposed Exhibit 3);

8. Any evidence in the Defendant's Arrest Booking form from April 29, 2009, that refers to the Defendant being charged with unlawful possession of a firearm and ammunition or being armed or having no occupation (Government Proposed Exhibit 4.1);

9. Any evidence in the Defendant's Arrest Booking form from September 17, 2012 that refers to the Defendant being unemployed (Government Proposed Exhibit 4.2);

10. Any and all evidence from the Defendant's Arrest Booking form from September 10, 2007 (Government Proposed Exhibit 8.1).

In support of this motion, the defendant states as follows:

A. The Defendant stands charged with being a felon in possession of a firearm. The Defendant was arrested for this offense on September 17, 2012 in Boston by Boston Police Office Philip Bissonnette. At the time of his arrest, the Defendant was allegedly in possession of a quantity of marijuana. The Defendant submits that evidence that he was in possession of marijuana at the time of his arrest is irrelevant to the pending charge and should be excluded from his trial pursuant to Rule 402 of the Federal Rules of Evidence.

B. At the time of his arrest, Officer Bissonnette was of the belief that the Defendant was a member of a street gang, The Norfolk Street Bulls. The Defendant submits that any such evidence is irrelevant to the pending charge and should be excluded from his trial pursuant to Rule 402 of the Federal Rules of Evidence. In addition, to the extent this evidence has any relevance its probative value is substantially outweighed by the danger of unfair prejudice its introduction would cause the Defendant. As a result, this evidence should be further excluded pursuant to Rule 403 of the Federal Rules of

Evidence. Moreover, based on Officer Bissonnetts's suppression hearing testimony, his belief is based on a report from the Boston Regional Intelligence Center and as such would constitute hearsay which should be excluded from evidence pursuant to Rule 802 of the Federal Rules of Evidence.

C. The location where the Defendant was arrested, The Norfolk Park area in Boston, has been characterized by Officer Bissonnette in his prior testimony in this case as a high crime area and location of prior gun offenses. The Defendant submits that this evidence is irrelevant to the pending charge and should be excluded from evidence pursuant to Rule 402 of the Federal Rules of Evidence. In addition, to the extent this evidence has any relevance its probative value is substantially outweighed by the unfair prejudice it would cause the Defendant. Last, evidence of other offenses and police investigations involved in these other offenses would constitute hearsay evidence and should be excluded from evidence pursuant to Rule 802 of the Federal Rules of Evidence.

D. Office Bissonnette also arrested the Defendant April 29, 2009 for unlawful possession of a firearm and ammunition. The Defendant was subsequently convicted of these offenses. The Government has informed the undersigned counsel that if the Defendant does not stipulate to having a prior felony conviction that the government intends to prove that the Defendant has a prior felony conviction by introducing evidence of this firearm/ammunition conviction. The Defendant submits that although the Government is entitled to attempt to prove the existence of a prior felony conviction, if the Defendant does not stipulate to having a prior felony conviction, introducing evidence of this conviction, which is similar in nature to the pending

charge, would be unduly prejudicial to the Defendant and unnessary in light of the government having other prior felony convictions of the Defendant at their disposal. As such, the Defendant submits that this evidence should be excluded from evidence at his trial pursuant to Rule 403 of the Federal Rules of Evidence.

E. The Defendant submits much of the evidence in Government Proposed Exhibits 1 and 2 is irrelevant to the pending charge and should be excluded from evidence pursuant to Rule 402 of the Federal Rules of Evidence. Moreover, to the extent any of the evidence in these proposed exhibits has any relevance its probative value is outweighed by the danger of unfair prejudice its introduction at trial would cause the Defendant. Accordingly, this evidence should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

F. The Defendant also submits that any evidence that states that he was unemployed in 2009 and/or 2012 is irrelevant and should be excluded from evidence at his trial pursuant to Rule 402 of the Federal Rules of Evidence.

WHEREFORE, the Defendant respectfully requests that this Court grant his motion and exclude from evidence at his trial the above referenced pieces of evidence.

Respectfully submitted,
King Belin,
By His Attorney,

DATE:   December 3, 2014

/s/ Paul J. Garrity
Paul J. Garrity
Bar No. 555976
14 Londonderry Road
Londonderry, NH  03053
603-434-4106

CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 3rd day of December, 2014, a copy of the within Defendant's Witness List has been efiled to all parties of record and mailed, postage prepaid to Belin King.

/s/ Paul J. Garrity
Paul J. Garrity