**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | )   Criminal No. 13-10048-FDS |
| | ) |
| | ) |
| **KING BELIN** | ) |

**RESPONSE TO MOTION IN LIMINE**

The United States of America hereby responds to the defendant's Motion in Limine as follows:

1. **The defendant's possession of marijuana**.  The government will not refer to the fact that marijuana was found in the defendant's possession at arrest unless the defendant opens the issue up during cross-examination.  Before pursuing any testimony regarding this issue, the government will ask to approach side bar.

2. **Gang Membership**.  The government will not refer to the defendant's membership in any gang unless the defendant opens the issue up during cross-examination. Before pursuing any testimony regarding this issue, the government will ask to approach side bar.

3. **High Crime area**. The government will not refer to the area around Norfolk Park as a "high crime area" unless the defendant opens the issue up during cross-examination. Before pursuing any testimony regarding this issue, the government will ask to approach side bar.

5, 6, 7, and 8.  **Evidence of the defendant's prior Felony**

1

**Conviction**.  The government must prove that the defendant had been convicted of a felony prior to September 17, 2012 (the date of the charged offense here).  Although the government has repeatedly offered to stipulate to the existence of such a conviction, the defendant has refused.  Given that refusal, the government has the right (and indeed the obligation) to prove one or more of the defendant's prior felony convictions (that is, the existence of the conviction and that the defendant was the person who committed it).  E.g., Old Chief v. United States, 519 U.S. 172, 185, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (where defendant agrees to felony status, government is precluded from introducing evidence of prior convictions other than executed stipulation; otherwise the government is entitled, within reasonable limits, to present its case through the evidence it deems most appropriate).  Again, the government is willing to stipulate about Mr. Belin's felony status in the interest of expediting the presentation of its case but the defendant is unwilling to do so, thereby obliging the government to introduce a certified judgment of Belin's prior felony conviction, as well as testimony limited to the admission of the judgment (that it refers to the defendant. E.g., United States v. Davis, 515 Fed. Appx. 486, 488 (6th Cir. 2013)("Having refused a stipulation that would have expedited the trial and benefitted him by not disclosing the nature of his prior felonious conduct, Davis has no cause to

2

complain about the introduction of evidence proving that he was in fact a convicted felon);[1] United States v. Amante, 418 F.3d 220, 224 (2nd Cir. 2005) ("[w]here the prior conviction is essential to proving the crime, it is by definition not prejudicial");[2] United States v. Ayotte, 841 F.Supp.2d 398 (D. Maine 2012)(if a defendant wishes to avail himself of the protections of Old Chief, "the onus is on him to present an appropriate stipulation regarding the predicate

---

[1] In Davis, the Court gave the following cautionary instruction both at the beginning of the case and when the evidence of two prior convictions was admitted: "*Ladies and gentlemen of the jury, I am going to at this time give you a limiting instruction. You have heard testimony introduced by the government that the defendant has been previously convicted of two felony convictions; one for auto theft, one for attempted murder. You are instructed that this evidence is relevant only to Count 7 of the indictment charging violation of 18 United States Code § 922(g)(1), that is, being a convicted felon in possession of a firearm and is to be considered by you as relevant to no other count of the indictment for which the defendant is currently under indictment and is being tried.*" 515 Fed. Appx. 486, *2. The government assumes (and has no objection to), the court giving a similar instruction here.

[2] Amante is one of a number of cases that stand for the proposition that ordering bifurcation in a single count indictment is generally error because of the juror confusion it can create. Accord, United States v. Collamore, 868 F.2d 24 (1st Cir. 1989)("As far as we can determine, absent an agreement by the parties, bifurcation is available in only two circumstances in criminal proceedings. A court may bifurcate a trial with respect to the issue of insanity, and a court may also divide a trial between a determination of guilt or innocence and imposition of penalty. The parties have not cited, and we have been unable to locate, however, a single case allowing, much less mandating, bifurcation of a trial by dividing it along the lines of the elements of the crime charged…. The dearth of cases, we feel, is because such a procedure would result in serious problems. First, when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. The present case is a stark example. Possession of a firearm by most people is not a crime. A juror who owns or who has friends and relatives who own firearms may wonder why Collamore's possession was illegal. Doubt as to the criminality of Collamore's conduct may influence the jury when it considers the possession element") abrogated on other grounds United States v. Tavares, 21 F.3 d 1 (1st Cir.1994)(government must accept proffered stipulation in felon-in-possession case); United States v. Jacobs, 44 F.3d 1219 (3d Cir.1995) (rejecting argument that prior conviction element in single-count indictment for felon in possession should be bifurcated). See generally Old Chief, 519 U.S. at, 189 ("People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard.").

crime").

Although the government could seek to prove multiple convictions because the defendant refuses to stipulate, e.g., United States v. Lloyd, 981 F.2d 1071 (9th Cir. 1992), here it is only proposing to prove one—-a 2009 conviction for possession of a firearm. The government is using this conviction not out of any desire to unnecessarily prejudice the defendant, but rather because it is the most easily proven case given the availability of a probation officer who supervised the defendant and the availability of the arresting officer (Officer Bissonette, who was also the arresting officer here and hence was already on the witness list). Again, since there is no apparent question about the fact of the conviction, that the defendant was the person sustaining it, and the government's willingness to stipulate to it, Belin is simply not in a position to complain about the way the government is choosing to prove his case.

Notwithstanding the foregoing, the government is removing Exhibit 1 from its exhibit list because the bulk of the information it presents is not directly relevant to the fact of the predicate conviction. The government will also redact all of the proffered booking sheets to eliminate any references to employment and will redact information about the crimes committed with the exception of the 2009 offense. See Motion in Limine at 9 (objecting to

introduction of unredacted booking sheets).  See also United States v. Dowdell, 595 F.3d 50 (1st Cir. 2010)(affirming admission of redacted booking sheet as a business record).

Accordingly, the government will prove the fact of the prior conviction by seeking to admit exhibit 3, a certified copy of the conviction at issue.  It will prove that King Belin was the person convicted by the testimony of Belin's probation officer and the officer who arrested him and through the admission of exhibits 2 and 4.1.  The government will not seek to admit Exhibit 1 into evidence and will make no reference to the facts of the 2009 case other than to prove that Belin was the person convicted and that possession of a firearm is punishable by a period in excess of one year.

9.  **2012 Booking Sheet**.  The government will make the requested redaction.

10.  **2007 Booking Sheet**. This document is evidence that the fingerprints used by the Latent Print Examiner for comparison purposes belonged to King Belin.  If the defendant agrees to the admission of the fingerprint card as the fingerprints of King Belin,

the government will withdraw this exhibit.

>Respectfully submitted,
>
>CARMEN M. ORTIZ
>UNITED STATES ATTORNEY
>
>By: */s/ John A. Wortmann, Jr.*
>JOHN A. WORTMANN, JR.
>Assistant U.S. Attorneys
>One Courthouse Way
>Boston, MA
>(617) 748-3207

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for Defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

>*/s/ John A. Wortmann, Jr.*
>JOHN A. WORTMANN, JR.
>Assistant United States Attorney

Date: December 9, 2014