UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 13-10048-FDS |
| ) | |
| ) | |
| KING BELIN ) | |

**SUPPLEMENTAL RESPONSE TO MOTION IN LIMINE**

Since the hearing on this case last week, the undersigned has had the opportunity to conduct further research on the defendant's request that the nature of the defendant's prior conviction be redacted from exhibits that will be admitted into evidence in order to prove that he was previously convicted of a crime punishable for a period exceeding one year.  Upon reflection, and in order to avoid any possible prejudice in the particular circumstances of this case, the government has determined that the nature of the prior conviction should be redacted from all trial exhibits.  The government requests, however, that the defendant's 18-month sentence be allowed to remain so that the jury can see evidence that the prior conviction was for an offense punishable by imprisonment for a period in excess of one year, and that the Court give appropriate instructions that will explain to the jury the nature of the redactions and that the government is not required to prove the nature of the offense in order to satisfy its burden on this element of the charged offense.  E.g., United States v. Jackson, 124 F.3d 607, 617 n.

1

8 (4th Cir.1997) (suggesting that "a redacted record of conviction, coupled with a jury instruction clarifying that the redacted judgment was enough to satisfy the status element," would be an acceptable alternative to a formal admission of record); United States v. Rhodes, 32 F.3d 867, 875 (4th Cir.1994)(Hamilton, concurring) ("[u]nder a proper application of Rule 403, it appears, even in the absence of a stipulation, the nature and underlying circumstances of the prior felony conviction should not be admitted, unless employed for proper impeachment purposes"); United States v. Riley, 292 Fed.Appx. 717 (10th Cir. 2008)("[W]e recognize that in felon-in-possession cases "evidence of the name or nature of [a] prior offense generally carries a risk of unfair prejudice to the defendant" when tried by a jury for violation of 18 U.S.C. § 922(g). Old Chief, 519 U.S. at 185, 117 S.Ct. 644. To avoid such a risk, we have directed parties to make use of a redacted record, stipulation, affidavit, or other similar technique whereby the jury is informed only of the fact of a prior felony conviction, but not of the nature or substance of the conviction").

Based on the forgoing the government is prepared to redact the documents pertaining to the prior conviction to eliminate any reference to the charge, but requests: (1) that it be permitted to leave the reference to the sentence in: and, (2) that the Court instruct the jury that the government is not obligated to prove the specific charge and that the redacted charge involved in this case was punishable by a

sentence exceeding one year.

                Respectfully submitted,

                CARMEN M. ORTIZ
                UNITED STATES ATTORNEY

By:  */s/ John A. Wortmann, Jr.*
     JOHN A. WORTMANN, JR.
     Assistant U.S. Attorneys
     One Courthouse Way
     Boston, MA
     (617) 748-3207

## Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for Defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

              */s/ John A. Wortmann, Jr.*
              JOHN A. WORTMANN, JR.
              Assistant United States Attorney

Date: December 24, 2014