UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )   Criminal No. 13-10048-FDS<br>)<br>KING BELIN,                                       )<br>            Defendant.                         ) | |

## PRELIMINARY ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on February 27, 2013, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant King Belin (the "Defendant") with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek all firearms and ammunition involved in the commission of the offense. Such property specifically included, without limitation:

(a)   Ruger Model P95DC 9mm semi-automatic handgun having an obliterated serial number and 16 rounds of 9 mm ammunition,

(collectively, the "Gun and Ammunition");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c).

WHEREAS, on January 6, 2015, after a three-day jury trial, a jury found the Defendant guilty on Count One of the Indictment;

WHEREAS, based on the evidence and testimony presented at trial and the Defendant's conviction, the United States has established the requisite nexus between the Gun and Ammunition and the offense to which the Defendant was convicted, and accordingly, the Gun and Ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c);and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Gun and Ammunition.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, based upon the Defendant's conviction, that the government has established the requisite nexus between the Gun and Ammunition and the offense to which the Defendant has been found guilty.

2. Accordingly, all of the Defendant's interests in the Gun and Ammunition are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Gun and Ammunition and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Gun and Ammunition.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Gun and Ammunition to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated in 28 U.S.C. § 2461(c) the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Gun and Ammunition, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Gun and Ammunition; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Gun and Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Gun and Ammunition, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated in 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Gun and Ammunition.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
F. DENNIS SAYLOR
United States District Judge

Dated: Feb. 6, 2015