UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATE OF AMERICA

V.                                                                    Docket No. 13-CR-10048-FDS

KING BELIN
        Defendant

AMENDED MOTION TO CONTINUE SENTENCING HEARING
PENDING RESOLUTION OF JOHNSON V. UNITED STATES

    NOW COMES the defendant, King Belin, by and through counsel, and hereby move this Court to continue his Ma7 11, 2015 Sentencing Hearing to a later date to await the resolution of Johnson v. United States, the United States Supreme Court Docket No. 13-7120, a case before that Court that is considering the issue of whether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.

    In support of this Motion, the defendant states as follows:

1. The defendant is scheduled to be sentenced by this Court on May 11, 2015 after being convicted after trial of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922 (g).  One of the critical issues at sentencing is whether the defendant qualifies as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e)(1), and thereby faces a mandatory minimum sentence of 15 years in prison.

2. Pursuant to 18 U.S.C. § 924(e)(1), to qualify as an Armed Career Criminal, a defendant must have three convictions on separate occasions, of either a serious drug offense or violent felony.  The term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B).

3. The defendant does not have on his criminal record any serious drug offenses but has at least three prior convictions that may qualify as a "violent felony", thereby qualifying the defendant as an Armed Career Criminal.  The relevant convictions for the purpose of this motion are resisting arrest convictions from the West Roxbury District Court on November 3, 2004 and February 1, 2005 and similar convictions from the Dorchester District Court on September 27, 2005 and September 10, 2007.

4. These resisting arrest conviction qualify as a violent felony pursuant to the First Circuit Court of Appeals reading of 18 U.S.C. § 924(e)(2)(B)(i) and (ii). <u>United States v. Carrigan</u>, 724 F.3d 39 (1st Cir. 2013); <u>United States v. Weeks</u>, 611 F.3d 68 (1st Cir. 2010); <u>United States v. Almenas</u>, 553 F.3d 27 (1st Cir. 2009).  In Almenas, the Court found that resisting arrest has two methods of being committed, one of which falls within the language of 18 U.S.C. § 924(e)(2)(B)(i) and  the other method falling within the language of 18 U.S.C. § 924(e)(2)(B)(ii) because the Court found that resisting arrest is a purposeful, violent and aggressive act.

5. 18 U.S.C. § 924(e)(2)(B)(ii) is the residual clause of the Armed Career Criminal Act.  The defendant has not challenged the constitutionality of the residual clause previously in any of his sentencing pleadings.  However, when preparing for the sentencing hearing on May 10, 2015, the defendant's counsel became aware of a case currently pending before the United States Supreme Court that is directly addressing the issue of whether the residual clause is unconstitutionally vague.  The case, <u>Johnson v. United States</u>, Supreme Court Docket Number 13-7120 was originally argues on November 5, 2014.  The Supreme Court then restored the case to its calendar on January 9, 2015 and ordered supplemental briefs to be filed to address the questions of "whether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague."  Supplemental briefs were filed, both of which addressed, in part, the Massachusetts resisting arrest statute and <u>United States v. Weeks</u>, 611 F.3d 68 (1st Cir. 2010).  The case was reargued on April 20, 2015 and a decision is pending.

6. Although the defendant has not previously raised the issue of whether the residual clause is unconstitutionally vague, he submits that the decision in <u>Johnson v. United States</u>  may determine whether resisting arrest convictions like he has will continue to be viewed as "violent felonies".  If after the decision in <u>Johnson</u>, they no longer can be viewed as a "violent felony", due to the residual clause being unconstitutionally vague the defendant would no longer qualify as an Armed Career Criminal.  Due to the impact of this pending decision, the defendant requests that this Court continue his sentencing hearing pending the resolution of <u>Johnson v. United States</u>

7. That after learning of Johnson v. United States, Assistant U.S. Attorney John Wortmann, Jr of the U.S. Attorney's Office, has been contacted and objects to this Motion to Continue.

WHEREFORE, the defendant, King Belin, respectfully requests that this Court continue his Sentencing Hearing to a date after the decision in Johnson v. United States.

                                                     Respectfully submitted,
                                                     King Belin,
                                                     By His Attorney,

DATE:     May 11, 2015                          /s/ Paul J. Garrity
                                                     Paul J. Garrity
                                                     Bar No.  555976
                                                     14 Londonderry Road
                                                     Londonderry, NH  03053
                                                     603-434-4106

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 11th day of May, 2015, a copy of the within Motion to Continue Sentencing Hearing has been efiled to all parties of record and mailed, postage prepaid to Belin King.

                                                     /s/ Paul J. Garrity
                                                   Paul J. Garrity