**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Dkt. No. 0101 1:13CR10048-1 |
| | ) | |
| **KING BELIN** | ) | |

## DEFENDANT KING BELIN'S MOTION FOR A NON-GUIDELINES SENTENCE UNDER *BOOKER* AND SENTENCING MEMORANDUM

As a result of the holding of the United States Supreme Court in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), where the Court held that the residual clause of the Armed Career Criminal Act's "violent felony" definition is void for vagueness, the Defendant no long qualifies as an Armed Career Criminal.[1] The Defendant, therefore, now faces a statutory maximum sentence of 10 years and an advisory guideline range, based on the Government's concession that the Defendant does not have any Sentencing Guidelines "crimes of violence", of 57-71 months.[2] The Defendant is aware that the Government has filed a Supplemental Sentencing Memorandum in which it seeks, for the reasons contained therein, a sentence of imprisonment of 84 months. On the contrary, the Defendant believes that when the Court takes into account the Defendant's mental health problems and the deeply dysfunctional upbringing he experienced, together with his submission that his Criminal History Category is over represented, as it is based, in substantial part, on a number of State misdemeanors, the Court will conclude that a sentence of 37 months imprisonment would be sufficient, but not greater than necessary, to accomplish the four purposes of sentencing found in 18 U.S.C. section 3553(a)(2)(A-D). Accordingly, the Defendant urges the Court to impose such a sentence of imprisonment with appropriate judicial recommendations to the Bureau of Prisons, followed by a term of supervised release of three years, including special conditions for mental health and substance abuse treatment and any other conditions the Court deems just and appropriate.

In support of this sentencing recommendation, the Defendant incorporates by reference his previously filed Sentencing Memorandum, in particular the "History and Characteristics of

---

[1] Both the Government and Probation agree with this view of the Defendant's sentencing position.
[2] At the sentencing hearing, however, Defendant King Belin will take the position that the 4 level enhancement called for under section 2K 2.1(b)(4)(B), due to the obliterated serial number, should not apply as the enhancement was not alleged in his indictment.

the Defendant" section. In addition, with respect to his Criminal History, the Defendant's convictions in the PSR paragraph 35, 36, 38 and 39 are all State Court misdemeanors that together drives up the Defendant's Criminal History score to Criminal History Category VI. While not discounting the seriousness of any of these charges and convictions, the Defendant submits that these multiple misdemeanor offenses, committed by the Defendant between the ages of 19-22 and which did not result in lengthy periods of imprisonment, lead to an over-representation of the seriousness of the Defendant's Criminal History and his resulting Criminal History Category. Last, a sentence of imprisonment of 37 months for gun possession is anything but a short sentence and would serve to meet the goal of general deterrence that the Government seeks in their sentencing request without the draconian and excessive aspects of the Government's 84 month sentencing request.[3] It would also meet the goal of specific deterrence to the Defendant as the 37 months imprisonment request is double the sentence the Defendant received on his prior gun possession conviction. Moreover, when released to the community, the Defendant will be under the close supervision of the U.S. Probation Office for three years which will help protect the public.

Accordingly, the Defendant urges the Court to impose the following sentence:

- Imprisonment for a term of 37 months.
- Judicial recommendations to the Bureau of Prisons for participation in the 500-hour substance abuse treatment program, as well as such mental health, educational, and vocational programs as are available.
- A term of supervised release for three years, including special conditions for substance abuse testing and treatment, mental health treatment and educational/vocational rehabilitation.
- A special assessment of $100.

Respectfully submitted,
King Belin
By his attorney,

---

[3] The Government in their Supplemental Sentencing Memorandum make reference to gun violence and shootings in Boston. The Defendant acknowledges this reality but submits that is does not apply to him as there is no evidence, despite the number of police reports involving the Defendant, that the Defendant ever shot, brandished or used a firearm.

2

                                          /s/    Paul J. Garrity
                                          Paul J. Garrity
                                          14 Londonderry Road
                                          Londonderry, NH 03053
                                          603-434-4106
                                          garritylaw@myfairpoint.net

**Dated:**      September 28, 2015

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 28th day of September, 2015 a copy of the within Motion for a Non-Guidelines Sentence under Booker and Sentencing Memorandum has been e-filed to all parties on record and mailed, postage prepaid to King Belin.

                                          /s/    Paul J. Garrity