```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS



 UNITED STATES OF AMERICA,      )
                                )
                 Plaintiff,     )
                                )
                                ) No. 13-10048-FDS
 vs.                            )
                                )
 KING BELIN,                    )
                 Defendant.     )



 BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV



                      STATUS CONFERENCE




      John Joseph Moakley United States Courthouse
                    Courtroom No. 2
                   One Courthouse Way
                    Boston, MA 02210


                   September 18, 2014
                       9:47 a.m.





                   Valerie A. O'Hara
                 Official Court Reporter
      John Joseph Moakley United States Courthouse
            One Courthouse Way, Room 3204
                   Boston, MA 02210
              E-mail: vaohara@gmail.com
```

APPEARANCES:

For The United States:

    United States Attorney's Office, by JOHN A. WORTMANN, JR., ESQ., 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02110;

VIA TELEPHONE:

For the Defendant:

    PAUL J. GARRITY, ESQ., 14 Londonderry Road, Londonderry, New Hampshire 03053.

```
 1                          PROCEEDINGS
 2          THE CLERK:  The case before the Court is 13-cr-10048,
 3   United States of America vs. King Belin.
 4          THE COURT:  Would counsel please identify themselves
 5   for the record.
 6          MR. WORTMANN:  John Wortmann for the government, your
 7   Honor, good morning.
 8          THE COURT:  Good morning.
 9          MR. GARRITY:  Good morning, your Honor, Paul Garrity
10   for Mr. Belin.
11          THE COURT:  Mr. Garrity, your sound isn't quite as
12   clear as it could be.  Are you on a speaker phone?
13          MR. GARRITY:  I'm on a cell phone.  I just left the
14   courtroom.
15          THE COURT:  Okay.  Just take care to speak clearly and
16   carefully.  All right.  I called this conference on short
17   notice.  At the end of last week, I received the evaluation
18   report for the defendant.
19          The cover e-mail from the people at FMC Devens
20   indicated that the report contained material from sealed
21   testimony that the AUSA was not permitted to hear, and so it
22   was distributed to me, not counsel.  I read the report, I
23   circulated it to Mr. Garrity on behalf of the defendant and
24   asked him to weigh in as to how I should proceed, whether we
25   should produce a redacted report or produce the full report
```

(10:06AM at line 10; 10:07AM at line 20)

1   under seal to the government.

2          I think Mr. Garrity reported back that he wanted to

3   confer with his client, and I'm looking for an update and some

4   guidance as to how at least the defense counsel thinks I ought

5   to proceed.  Mr. Garrity.

6          MR. GARRITY:  Judge, I have not yet had a chance to

7   meet with Mr. Belin, but I guess I'd like to meet with him

8   before I disclose anything to the government.

9          THE COURT:  All right.

10:08AM 10          MR. GARRITY:  And I say that just based on the history

11  of the case, as I understand it, before I got involved.

12          THE COURT:  All right.  The conclusion, I think,

13  obviously does not need to be kept from the government, which

14  is that --

15          MR. GARRITY:  Oh, right, exactly.

16          THE COURT:  And I'm quoting now, "In conclusion,

17  Mr. Belin does not exhibit substantial deficits due to a

18  substantial mental illness or defect that would significantly

19  compromise his understanding and appreciation of the trial

10:08AM 20  process.  Similarly, Mr. Belin did not exhibit substantial

21  impairment in his ability to participate meaningfully in our

22  discussion of his legal proceedings, which suggest that he has

23  the capacity to participate rationally with his attorney in the

24  preparation and implementation of his defense."  That's the

25  last sentence of the report on page 26 signed by

1   Chad Tillbrook, forensic psychologist, FMC Devens.

2            Obviously, if he had found a mental impairment, the
3   urgency of getting it to the government would be greater
4   because the government might want to either dispute or to take
5   some other action, but since he's concluded that he's capable
6   of participating in his defense and standing trial, I would
7   like -- we need an answer whether the government can see this
8   report and what to do with it, but it seems to me that what I
9   ought to do, unless someone has a different idea, is get this
10:09AM 10   case back on a trial track.

11            MR. GARRITY:  Your Honor, I think most of it could be
12   disclosed to the government.  I just want to be on the safe
13   side and confer with Mr. Belin.

14            THE COURT:  I understand.  Mr. Wortmann.

15            MR. WORTMANN:  And, your Honor, I didn't know how to
16   prepare for coming down today, but I would simply point out
17   that at least from one of my DOJ secondary requirements, it
18   indicates that Title 18, United States Code, Section 4241
19   contained mandatory language requiring the Court to hold a
10:10AM 20   hearing if it has determined that there's enough doubt
21   regarding the defendant's competency that it ordered a
22   competency examination.  The statute uses the word "shall" in
23   reference to holding a hearing on a motion to determine
24   competency.

25            THE COURT:  So I should set it for a hearing then to

1   make a final determination.

2       MR. WORTMANN: Clearly, if we're going to have that
3   hearing, then I believe I should be provided with not just the
4   report from Dr. Tillbrook but also any information that was
5   provided to the Court earlier with respect to the other
6   psychiatrists.

7       Now, you know, it could be that the hearing is nothing
8   more than the defendant standing up and saying that they agree
9   with the conclusions, that they're not pressing for the
10  competency hearing, to hear testimony from Dr. Tillbrook to the
11  extent that you have any additional questions that you want to
12  ask, but I do think that having gone the step of ordering the
13  examination, I think the statute, and I'll go back and read the
14  statute, but I thought I should at least tell you what my
15  preliminary views were.

16      THE COURT: Yes.

17      MR. WORTMANN: That we have to have some kind of
18  hearing. I think there's a lot of discretion that you have as
19  to what the scope and the content of the hearing is, but at a
20  minimum, your Honor, I think I'm entitled to see
21  Dr. Tillbrook's report and the earlier transcript since that
22  bears directly on what brought us here in the first place.

23      I think the other thing that we should do, and
24  Dr. Tillbrook should be asked to provide to the Court a copy of
25  Mr. Belin's DYS records since those could also be relevant, and

1    as you'll recall, when I requested the order, the order was
2    that those documents simply went out to Dr. Tillbrook in the
3    first instance.
4            THE COURT:  Right.  The report references DYS records,
5    so I assume he had them.
6            MR. WORTMANN:  I think he should be requested to
7    provide those to the Court so at least your Honor could make a
8    determination as to whether or not it's appropriate to
9    disseminate those to the parties.
10:12AM 10   THE COURT:  I express no opinion at this point about
11   to what extent any of this should be shown to the government.
12   Mr. Wortmann may well be correct, I simply want to proceed
13   cautiously.
14           MR. WORTMANN:  I understand.
15           THE COURT:  And I want the defense to have an
16   opportunity to weigh in here, so why don't we do this.  Why
17   don't I set a hearing date for the hearing under 4241(b), and
18   we can work backwards from there.  I would suggest maybe the
19   week of October 6th, which is a couple weeks away.
10:12AM 20   MR. WORTMANN:  Your Honor, I think that's a little bit
21   close.
22           THE COURT:  Okay.
23           MR. WORTMANN:  Again, not having seen the report yet,
24   not having decided that -- maybe if I can make a suggestion on
25   it, your Honor, that we reconvene on October 6th, by which time

1   hopefully I will have gotten the report, and we can hear from
2   Mr. Garrity what his wishes are and how he wishes to proceed
3   and your Honor can tell us how you think we need to proceed so
4   that I can get a sense of what you anticipate out of the
5   hearing because if the, you know, the preparation for the
6   hearing might range from, you know, a careful study of the
7   report and the DYS records to putting together a large number
8   of excerpts from the jail tapes, which I provided to
9   Dr. Tillbrook, and all that is timely, and it doesn't sound
10  like this would be necessary here given what you read of
11  getting an independent examination, which I don't think is
12  necessary, but, again, I'd want to read it.
13              THE COURT:  Why don't we do this instead.  I have in
14  the calendar that we were supposed to convene on Wednesday,
15  October 1st at 3:00.  Why don't I make that a status
16  conference.  Why don't I direct both the defense and the
17  government if they want to file anything in terms of this
18  report or how the hearing ought to proceed or whatever by
19  September 26th, which is a week from tomorrow, if any, legal
20  analysis would move the ball forward, and then let's see where
21  we are on October 1st.
22              MR. GARRITY:  Your Honor, the only issue I have with
23  October 1st is I just found out yesterday that I'm scheduled to
24  pick a jury on September 29th and start a jury trial on
25  September 30th.

```
 1              THE COURT:  Okay.
 2              MR. GARRITY:  That trial may end at the end of the
 3   30th, but it may carry over onto the 1st.
 4              THE COURT:  How about we move it to October 2nd then
 5   at 10 a.m.?  That would simply be a status.  I want to take it
 6   a step at a time.  The first question is disclosure of the
 7   report, and I guess intertwined with that is the defense view
 8   of what I do next, what kind of a hearing I need to have.
 9              MR. WORTMANN:  Your Honor, I'd much rather sort of
10   know what the defense thinks before I provide you with anything
11   because we may be in agreement, and it may save you getting a
12   lot of paper and saving you a lot of work.
13              THE COURT:  Well, all right.  Then first off, does
14   October 2nd at 10:00 work for both counsel?
15              MR. WORTMANN:  It does, your Honor, thank you.
16              MR. GARRITY:  It does your Honor.
17              THE COURT:  All right.  Why don't I leave it this way.
18   Why don't I'll give the defense a September 26th deadline for
19   reporting to the Court as to how I should proceed in terms of
20   disclosing the report to the government.
21              MR. WORTMANN:  And if I can just suggest, and it's
22   proposed -- its ideas regarding what, if any, kind of
23   competency hearing should be held since he's had the report for
24   awhile.
25              THE COURT:  All right.
```

1   MR. GARRITY: Okay.

2   THE COURT: Let's do that as well. And then if the
3   government wants to respond in writing to that, if you could
4   get something on file by say mid-day October 1st, otherwise I
5   can just see you on October 2nd.

6   MR. WORTMANN: Sure. Obviously, part of that will
7   depend when I get the report.

8   THE COURT: Right. You may not have the report at
9   that point, we may need to litigate that issue, I don't know.
10  Again, I'm trying to feel my way forward a step at a time.
11  September 26th is the timeline for the defense to indicate
12  their view on circulation of the report to the government
13  either circulated in its entirety under seal, redacting part of
14  it, providing none of it and defense's at least preliminary
15  view, I don't know if I can ask you to do more than that on
16  what kind of hearing we ought to have in light of the report
17  under 4241(b).

18  MR. GARRITY: Okay.

19  THE COURT: Then if the Government wants to respond in
20  writing to your proposal, I guess I need that early afternoon
21  on October 1st.

22  MR. WORTMANN: That's fine.

23  THE COURT: 10:00 on October 2nd to talk where we
24  should go from there, and it could go in many different
25  directions, obviously, but I do want to move with some

1    expedition here given the timing of all of this.

2           MR. WORTMANN: Your Honor, if we were going to set a

3    trial date because Mr. Garrity has just gotten the case, maybe

4    to be on the safe side we should ask Mr. Garrity what would be

5    a good time for a trial date so we could at least get it on

6    your calendar.

7           THE COURT: The only wrinkle there is the -- I'm

8    meeting with counsel tomorrow in United States vs. Gorski,

9    which was supposed to start September 29th. I already put it

10:18AM 10    off until October 6th, and it's going to slide possibly into

11    December, so my schedule is a little up in the air, but putting

12    that aside, I would have time in November or December to try, I

13    think this is a three- or four-day trial.

14           MR. WORTMANN: Yes, three- or four-day trial.

15           MR. GARRITY: I know Mr. King is somewhat anxious to

16    get it resolved, but I think I would need time to get up to

17    speed on it. Would early December work for the Court?

18           THE COURT: It should work. Why don't I do this,

19    rather than make that decision now, as I indicated, I'm going

10:18AM 20    to see counsel in the Gorski case. I want to try to leave as

21    much of December open in case I need to move that trial to

22    December, so why don't we hold off on that, and we'll come up

23    with a date that works, and I certainly understand everyone's

24    desire, including my own, to have this resolved one way or the

25    other.

|   |   |
|---|---|
| 1 | MR. GARRITY:  Okay. |
| 2 | THE COURT:  Does all that work as a game plan? |
| 3 | MR. GARRITY:  I think it does, Judge, yes. |
| 4 | THE COURT:  Okay.  Where are we on the exclusion of |
| 5 | time? |
| 6 | MR. WORTMANN:  I know your Honor issued the order at |
| 7 | the last time through today, so I guess it would be today |
| 8 | through October 2nd at 10 a.m. |
| 9 | THE COURT:  All right.  I would exclude the time.  Is |
| 10:19AM 10 | there any objection to that, Mr. Garrity, before I go any |
| 11 | further? |
| 12 | MR. GARRITY:  No, your Honor.  I think based on my |
| 13 | last conversation with Mr. King, he was in agreement excluding |
| 14 | the time until this issue was resolved. |
| 15 | THE COURT:  I will exclude the time from today to |
| 16 | October 2nd in the interests of justice both to address |
| 17 | whatever mental health issues we may have, including what kind |
| 18 | of a hearing to hold and whether the report should be disclosed |
| 19 | to the government, and also to permit Mr. Garrity pretrial |
| 10:20AM 20 | preparation in the event we do go to trial.  We may also be |
| 21 | under the prong of the statute concerning mental health |
| 22 | evaluation, so I will exclude the time on that basis as well. |
| 23 | I find that the ends of justice served by taking that |
| 24 | action outweigh the interests of the parties and the public in |
| 25 | a speedy trial, and I'll enter a written order to that effect. |

1              Okay.  Anything else?
2              MR. WORTMANN:  Nothing from the government, thank you,
3    your Honor.
4              MR. GARRITY:  No, your Honor.
5              THE COURT:  Thank you.
6              THE CLERK:  All rise.
7              (Whereupon, the hearing was adjourned at 10:21 a.m.)
8
9                      C E R T I F I C A T E
10
11   UNITED STATES DISTRICT COURT )
12   DISTRICT OF MASSACHUSETTS ) ss.
13   CITY OF BOSTON )
14
15        I do hereby certify that the foregoing transcript,
16   Pages 1 through 13 inclusive, was recorded by me
17   stenographically at the time and place aforesaid in Criminal
18   Action No. 13-10048-FDS, UNITED STATES OF AMERICA vs.
19   KING BELIN and thereafter by me reduced to typewriting and is a
20   true and accurate record of the proceedings.
21             Dated this 29th day of December, 2015.
22                       s/s Valerie A. O'Hara
23                       _____
24                       VALERIE A. O'HARA
25                       OFFICIAL COURT REPORTER