```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS



   UNITED STATES OF AMERICA,       )
                                   )
                 Plaintiff,        )
                                   )
                                   )  No. 13-10048-FDS
   vs.                             )
                                   )
   KING BELIN,                     )
                 Defendant.        )



   BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV



                       STATUS CONFERENCE




         John Joseph Moakley United States Courthouse
                       Courtroom No. 2
                      One Courthouse Way
                       Boston, MA 02210


                      November 12, 2014
                         10:35 a.m.
```

```
                      Valerie A. O'Hara
                    Official Court Reporter
          John Joseph Moakley United States Courthouse
                  One Courthouse Way, Room 3204
                       Boston, MA 02210
                   E-mail: vaohara@gmail.com
```

```
 1   APPEARANCES:

 2   For The United States:

 3       United States Attorney's Office, by JOHN A. WORTMANN, JR.,
     ESQ., 1 Courthouse Way, Suite 9200, Boston, Massachusetts
 4   02110;

 5   VIA TELEPHONE:

 6   For the Defendant:

 7       PAUL J. GARRITY, ESQ., 14 Londonderry Road,
     Londonderry, New Hampshire 03053.
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

PROCEEDINGS

THE CLERK: All rise. Thank you. Please be seated. Court is now in session in the matter of the United States vs. King Belin, Criminal Number 13-10048.

Counsel, would you please identify yourself for the record.

MR. WORTMANN: Your Honor, good morning, John Wortmann for the United States.

THE COURT: Good morning.

MR. GARRITY: Good morning, Paul Garrity for Mr. Belin.

THE COURT: Good morning. This is a status conference in this case. Mr. Garrity is appearing by telephone. When we last convened, I set the trial for December 15th, 2014 and set various pretrial dates. As I indicated at the time, I had a two-defendant criminal trial set for the same day with I think a more recent number meaning that, if necessary, this case will bump that. I have no further information about whether there will be pleas in that case or not.

In the meantime, I am available to try the case on January 5th. That is the same day that the jury impanelment will begin in United States vs. Tsarnaev. We have been asked if we schedule a trial for that week to not impanel on January 5th because it's going to be chaotic, we're going to have potential jurors here, the media and the world, and our

1   jury clerks will have their hands full.  They don't want
2   anything else at the time, but we could try the case the week
3   of January 5th if we impanel on December 22nd or December 29th
4   and just tell the jurors this is what we're doing and we're
5   going to go January 5th.
6              For that matter, we can impanel on the 22nd or the
7   29th and start January 6th if that were more convenient.  Those
8   are the choices as I see them.  It works better for my schedule
9   January 5th, but that's not without some cost.  Among other
10  things, it's going to be harder to get into the building, to
11  get through security for jurors.  There are going to be some
12  logical issues trying the case that week, but I have different
13  parts that I can't quite fit in.
14             We could try to try the case December 22nd or 29th,
15  but that has its issues, too, with the holidays coming up, so
16  that's kind of where we are.  We could simply hold the date of
17  December 15th and let the chips sort of fall where they may.
18  Mr. Wortmann, what's the government's view?
19             MR. WORTMANN:  Your Honor, if I could ask you, and I
20  don't mean to be flip when I say this, what does "Where the
21  chips fall where they may" mean if we, in fact, go forward on
22  December 15th?
23             THE COURT:  Well, then I'm going to have to reschedule
24  the other case maybe for January 5th, I don't know.
25             MR. WORTMANN:  If you were asking me if I have my

1    preference, I'd just as soon get it done, but if you want to do
2    it on the 5th or the 6th, that's fine with me, too.
3            THE COURT:  Mr. Garrity.
4            MR. GARRITY:  Judge, if we pick on the 22nd and then
5    go on the 5th, that actually works better for me as well.
6            THE COURT:  All right.  I mean, I don't have a problem
7    doing that.  Again, even, lawyers, witnesses, jurors are going
8    to recognize the courthouse is going to be crowded.  We don't
9    have any parking anyway, there are going to be some issues, but
10:38AM 10   I think those can be worked through if people make an effort to
11   get here earlier.
12           Mr. Wortmann, can you live with impaneling on the 22nd
13   and trying the week of January 5th?
14           MR. WORTMANN:  I can.
15           THE COURT:  I think that works better from my
16   standpoint.  It sounds like it works better from Mr. Garrity's
17   standpoint.  Why don't we go ahead and do that, and we'll just
18   bring in a normal complement of jurors, probably on the order
19   of 40 or so people, simply tell them that this is the case that
10:38AM 20   is going to trial after the holidays so they don't have to
21   worry about the holiday schedules, and we can talk about
22   whether we can actually start the trial on the 5th or the 6th
23   as we get closer to the date.
24           So let me set some new dates.  We need first a date
25   for a final pretrial conference.  Can I see the calendar?  I

1  guess we can go back.  We had this set for 4:00 on Thursday,
2  December the 11th for a final pretrial conference.  Can we
3  reinstall that date?  Does that work?
4            MR. WORTMANN:  Yes, your Honor.
5            MR. GARRITY:  That works for me.
6            THE COURT:  4:00, Thursday, December 11th for the
7  final pretrial conference, and in terms of the dates for
8  various filings, let's see.
9            MR. WORTMANN:  Your Honor, I should just tell you that
10 I have made all the pretrial filings before the date that we
11 had in May, and I don't expect they'll be any changes to that,
12 and I've already talked to Mr. Garrity about the fact that
13 those are on file, and the only thing that he doesn't that I
14 hand-delivered to Mr. Gold was the 21-day discovery letter and
15 the proposed trial exhibits, which I will send to him by mail
16 today.
17           THE COURT:  All right.  Can we just keep the current
18 dates then, which is that these deadlines are December the 3rd
19 for various filings and oppositions to motions or objections by
20 December the 9th?  Does that work, Mr. Garrity?
21           MR. GARRITY:  It does, your Honor, yes.
22           THE COURT:  Okay.  We'll handle that way.  I
23 appreciate your cooperation.  I apologize for the amount of
24 time we've spent on this.  Sometimes it's just hard to make all
25 the pieces fit.  I think my preference as I sit here would be

1   to try to start trial on Monday, January the 5th.  It's
2   supposed to be a two or three-day trial, but just in case, I'd
3   feel better getting it done, remind people that it will be
4   chaotic, there will be lines at the security in the building,
5   and if we wind up starting at 9:30 rather than 9:00 because we
6   can't get everyone here, so be it, but I think that's my
7   preference, but I could be talked out of that.  The 6th will be
8   somewhat less chaotic than the 5th.
9            MR. WORTMANN:  You know, I just wonder whether that
10  one day it makes sense just to go 10 to 2 rather than 9 to 1?
11           THE COURT:  We can talk about that as well.  The
12  problem with 10 to 2, people get hungry, but these are all
13  issues we can talk about on December the 11th.
14           MR. WORTMANN:  Your Honor, I assume we'll be going the
15  usual 9 to 1 day?
16           THE COURT:  Yes, otherwise my normal trial day is 9 to
17  1 with a break at 10:30 and 12:00 to use the facilities.  I
18  want to start at 9-0-0.  I meet with counsel before each day,
19  usually at 8:30, sometimes earlier, if need be, to talk about,
20  you know, are there issues that are going to come up or likely
21  to come up in order to avoid sidebars.  I always tell the
22  jurors we'll do an afternoon session to stay on track.  It's
23  very rare we have to, we get just as much done as a so-called
24  all-day session.
25           When they're deliberating, we'll go all day, and

depending on how this plays out, sometimes we have argument and jury charge in the afternoon, sometimes not.  Obviously the lawyers prefer to start fresh in the morning, but sometimes it doesn't play out that way.

MR. WORTMANN:  Your Honor, do you require the JERS disk?

THE COURT:  I don't require it.  I'm guessing that there will probably be relatively few exhibits in this case, so it's probably not necessary as a mechanical matter.  I guess I'll leave that up to you all.

MR. WORTMANN:  I have probably about 15.

THE COURT:  All right.  Some of those are tangible objects, correct?

MR. WORTMANN:  Some of those are tangible objects, yes.

THE COURT:  We can handle it either way.  The point of the system is when there are multiple documents and exhibits so all the jurors can see things at the same time.

MR. WORTMANN:  That's why I ask.

THE COURT:  In theory, we all ought to be using it, but it does require some extra work, if both counsel decide that they don't really need it in this case.

MR. WORTMANN:  Thank you, your Honor.

MR. GARRITY:  Thank you.

THE COURT:  Anything else that I can talk about now,

1      Mr. Garrity, anything that you want to?
2              MR. GARRITY:  No, your Honor.  I'm fine at this point.
3              THE COURT:  Okay.  Mr. Wortmann.
4              MR. WORTMANN:  Well, your Honor, the only thing that
5      comes up that I'll just give you a heads-up on is Mr. Belin has
6      at least to date decided that he does not want to stipulate as
7      to his prior felony conviction.  His prior felony conviction
8      was the one that we're going to use is the gun offense that
9      Officer Bissonnette arrested him about a year before, and I
10:44AM 10     just want to tell you what I'm planning to do because that
11     obviously raises some issues, and I'm doing it out of ease of
12     proof more than anything else.
13             I will ask Officer Bissonnette about that arrest, the
14     date of the arrest.  I will show him a copy of the certified
15     copy of the conviction and I also have Mr. Belin's probation
16     officer who will say that he was on probation for a gun
17     conviction that came out, and this was the conviction.
18             Of course, I'm more than happy to not do that if we
19     get a stipulation, but that's up to Mr. Belin --
10:45AM 20             THE COURT:  All right.
21             MR. WORTMANN:  -- and Mr. Garrity.
22             THE COURT:  All right.  I'm not going to rule
23     obviously at this point on what evidence comes in or out or
24     whether there's a Rule 403 issue, but it seem to me if
25     Mr. Belin does not want to stipulate he has a prior conviction,

1   I think then the government, you know, is entitled to put on
2   proof of the prior qualifying felony conviction, and I can give
3   a limiting instruction and so forth, but, obviously, I think
4   it's strongly in the defendant's interest to stipulate, but
5   that's really the defendant's choice on advice of counsel.
6           MR. WORTMANN:  I just wanted to give you a heads-up.
7           MR. GARRITY:  I have discussed that issue thoroughly
8   with Mr. Belin, and my hope is that he will stipulate.
9           THE COURT:  I understand, no defendant can be forced
10  to stipulate, so if that's his choice, that's his choice.  I
11  would expect to give obviously a limiting instruction to the
12  jury, you know, to the effect that it's proof of a conviction,
13  nothing more, and that they can't use it, you know, for proof
14  of character or whatever it is, other improper uses they might
15  make of it.
16          Okay.  Unless there's anything else then, thank you
17  for your cooperation and your patience, and I will see you at
18  the trial conference on December the 11th.
19          MR. WORTMANN:  Thank you.
20          MR. GARRITY:  Thank you.
21          (Whereupon, the hearing was adjourned at 10:46 a.m.)

1          C E R T I F I C A T E

3   UNITED STATES DISTRICT COURT )
4   DISTRICT OF MASSACHUSETTS ) ss.
5   CITY OF BOSTON )
6         I do hereby certify that the foregoing transcript,
7   Pages 1 through 11 inclusive, was recorded by me
8   stenographically at the time and place aforesaid in Criminal
9   Action No. 13-10048-FDS, UNITED STATES OF AMERICA vs.
10  KING BELIN and thereafter by me reduced to typewriting and is a
11  true and accurate record of the proceedings.
12        Dated this 28th day of December, 2015.
13              s/s Valerie A. O'Hara
14        _____
15              VALERIE A. O'HARA
16              OFFICIAL COURT REPORTER