```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


 UNITED STATES OF AMERICA,      )
                                )
              Plaintiff,        )
                                )
                                ) No. 13-10048-FDS
 vs.                            )
                                )
 KING BELIN,                    )
              Defendant.        )


 BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV



                  FINAL PRETRIAL CONFERENCE




        John Joseph Moakley United States Courthouse
                      Courtroom No. 2
                    One Courthouse Way
                     Boston, MA 02210


                    December 18, 2014
                        4:10 p.m.




                    Valerie A. O'Hara
                  Official Court Reporter
        John Joseph Moakley United States Courthouse
               One Courthouse Way, Room 3204
                     Boston, MA 02210
                 E-mail: vaohara@gmail.com
```

APPEARANCES:

For The United States:

    United States Attorney's Office, by JOHN A. WORTMANN, JR., ESQ., 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02110;

For the Defendant:

    PAUL J. GARRITY, ESQ., 14 Londonderry Road, Londonderry, New Hampshire 03053.

| | |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE CLERK: All rise.  Thank you.  Please be seated. |
| 3 | Court is now in session in the matter of United States vs. |
| 4 | King Belin, Criminal Matter Number 13-10048. |
| 5 | Counsel, would you please identify yourself for the |
| 6 | record. |
| 7 | MR. WORTMANN:  Your Honor, good afternoon, your Honor, |
| 8 | John Wortmann for the United States. |
| 9 | MR. GARRITY:  Good afternoon, your Honor, Paul Garrity |
| 04:10PM 10 | for Mr. Belin. |
| 11 | THE COURT:  Good afternoon.  Mr. Belin is present. |
| 12 | This is I guess we'll call it the final final pretrial |
| 13 | conference in this case.  We are on track to impanel on Monday |
| 14 | depending on what, if anything, happens with regard to the |
| 15 | issue of counsel, I think.  Why don't we start with that.  I |
| 16 | have read the memorandum filed by Mr. Garrity.  The government |
| 17 | has also filed a motion in limine. |
| 18 | Mr. Garrity, how do you want to proceed? |
| 19 | MR. GARRITY:  Judge, I think it would make sense maybe |
| 04:11PM 20 | to address the status of counsel issue first. |
| 21 | THE COURT:  Okay. |
| 22 | MR. WORTMANN:  Do you want me to leave, your Honor? |
| 23 | THE COURT:  All right.  We'll do it ex parte, and I'll |
| 24 | seal that portion of the transcript pending Court Order. |
| 25 | MR. GARRITY:  Thank you. |

```
 1              (SEALED TRANSCRIPT WAS HELD)
 2              THE COURT:  All right.  Mr. Wortmann is back in the
 3   courtroom.  Without getting into the details, I heard from
 4   Mr. Garrity and Mr. Belin, as a result of which I put Mr. Belin
 5   on the stand, put him under oath and had a colloquy with him in
 6   which in substance I had him waive what would otherwise be his
 7   Sixth Amendment right to certain factual defenses.  Mr. Garrity
 8   corrected that he didn't have to prove any factual defenses,
 9   and so I recast it as suggesting reasonable doubt through
10   certain factual lines of inquiry and argument.
11              I made a finding that he had waived those issues
12   knowingly and voluntarily, but I am reserving final decision on
13   the issue until tomorrow because there's one other -- there's
14   something I want to think about, but I don't expect to reverse
15   myself, I expect to go down this path and to impanel on Monday
16   as scheduled.
17              I think what makes sense is for us to set up a brief
18   conference even by telephone tomorrow.  If I do reverse field,
19   we'll bring Mr. Belin back in but I don't think we need him if
20   I'm just going to affirm what I've decided to do.
21              MR. GARRITY:  If it's convenient for the Court, I've
22   got to be here tomorrow at 11:00 for a sentencing.
23              MR. WORTMANN:  Unfortunately, your Honor, I have a
24   suppression hearing starting at 9:00, which I think is going to
25   take a good portion of the day.  It may go past lunchtime, I
```

just don't know.

THE COURT: That's fine. Again, either I'm going to say I'm staying on this path, which will be quick, or I've decided I'm letting Mr. Garrity out of the case, in which case we need to do a whole bunch of different things, and we'll set a timetable for doing that.

I expect I'm going to keep doing this, but Mr. Garrity made some points that are causing me to think about this in a little different light, and I just want to make sure I know what I'm doing, and just so there's no mystery about it, I feel a little bit boxed in here.

The client doesn't want -- I'm going to call them factual defenses as shorthand -- the client doesn't want certain factual defenses to be presented, the attorney thinks that he needs to present those defenses to be effective or to effectively defend the client.

Mr. Garrity is the third lawyer appointed. It seems likely that a fourth or a fifth or sixth lawyer would take the same position that his first three lawyers have taken. Since a client can waive jury trial altogether and waive the right to counsel altogether, it seems to me as a matter of logic that a client could waive the right to have his attorney put on certain factual defenses, again, using that as a shorthand, and so I'm approaching it that way.

My concern is that if I simply let Mr. Garrity

|   |   |
|---|---|
| 1 | withdraw, Mr. Belin will be worse off representing himself, if |
| 2 | we appoint a fourth attorney, we're likely to wind up right |
| 3 | back where we were.  Mr. Belin wants to go to trial.  We're |
| 4 | supposed to go to trial quickly, and I can't think of any other |
| 5 | clear way out of this problem. |
| 6 |     MR. WORTMANN:  Your Honor, obviously, whatever |
| 7 | happened in here was not for me, and I completely understand |
| 8 | that, but I would ask that -- I would look for some -- |
| 9 |     THE COURT:  Even that is not clear to me to what |
| 05:11PM 10 | extent you can have access to that.  It's under seal for now |
| 11 | and I'll deal with that at a later point. |
| 12 |     MR. WORTMANN:  Judge, I'm not asking you to give it to |
| 13 | me, but what I am asking is for some guidance on the motion in |
| 14 | limine, which I think is a very serious one. |
| 15 |     THE COURT:  I'm going to deny the motion in limine |
| 16 | because I don't think I can grant a government motion to |
| 17 | foreclose a defense.  I think, you know, as a practical matter |
| 18 | we may wind up in the same place, but I'm going to deny the |
| 19 | motion in limine. |
| 05:12PM 20 |     MR. WORTMANN:  So it's clear, your Honor, and if I can |
| 21 | approach? |
| 22 |     THE COURT:  Yes. |
| 23 |     MR. WORTMANN:  And I'm handing you up a case, your |
| 24 | Honor, in which the First Circuit held that is entirely |
| 25 | appropriate for the Court to preclude cross-examination when |

|  |  |
|---|---|
| 1 | there's no good faith basis for the question to be asked.  You |
| 2 | know, with respect to the issue of the plant, when I was in |
| 3 | Court and Mr. Belin was under oath, he said he wants to assert |
| 4 | that, and it didn't happen, and I don't know anything clearer |
| 5 | than if there's no evidence, if there's nothing to indicate |
| 6 | that the police officers planted this gun on Mr. Belin when he |
| 7 | specifically denied it under oath, I don't think that there's a |
| 8 | good faith basis for asking any questions suggesting that they |
| 9 | planted it, and if there's no evidentiary basis for it, there's |
| 05:13PM 10 | certainly no basis to argue it either in the opening or the |
| 11 | closing. |
| 12 | THE COURT:  All right.  The case you've handed me is |
| 13 | *U.S. vs. Ovalle-Marquez*, O-v-a-l-l-e-M-a-r-q-u-e-z, |
| 14 | 36 F.3d 212 (1st Cir. 1994.)  That may well be true, |
| 15 | Mr. Wortmann, and if so, it's another way of approaching what |
| 16 | may be the same or similar issue, but I am -- well, I'm going |
| 17 | to stand by my decision and deny the motion in limine. |
| 18 | MR. WORTMANN:  Okay. |
| 19 | THE COURT:  Let's see if there's any five-minute |
| 05:14PM 20 | window in which the two lawyers and I are all available |
| 21 | tomorrow.  Other than from 10 to 11, I'm more or less free all |
| 22 | day.  When are you going to be free? |
| 23 | MR. WORTMANN:  Your Honor, I've got the 9:00, and then |
| 24 | I've got the 2:00, so if we could do it at 3:00. |
| 25 | THE COURT:  We could squeeze it again.  Mr. Garrity, |

1    you're here at what time?

2             MR. GARRITY:  Eleven.

3             THE COURT:  And I'll let you appear by phone.  Again,

4    this is going to be a quick decision, either, yes, I'm staying

5    on this path, or, no, I'm not.  It's not going to be argument I

6    don't think because Mr. Belin would have to be here if it was

7    anything significant.

8             MR. GARRITY:  And I don't want to inconvenience

9    Mr. Wortmann, but would the Court be available before nine?

05:14PM 10            THE COURT:  Yes.

11            MR. WORTMANN:  I've got to get the computer, I've got

12   to get set up in the hearing, your Honor.  If it's not too much

13   to ask, I'm happy to do it on the phone at 3:00.

14            MR. GARRITY:  By phone at 3:00 then.

15            THE COURT:  Okay.  3:00.  Obviously, you can be here

16   if you wish, but I'll let you appear by phone, and otherwise

17   what we're going to do, assuming that I don't make a different

18   decision, we will reconvene Monday morning for jury

19   impanelment.

05:15PM 20            MR. WORTMANN:  Okay.

21            THE COURT:  All right.  Thank you.

22            THE CLERK:  All rise.

23            (Whereupon, the hearing was adjourned at 5:15 p.m.)

24

25

```
 1                   C E R T I F I C A T E
 2
 3
 4   UNITED STATES DISTRICT COURT )
 5   DISTRICT OF MASSACHUSETTS ) ss.
 6   CITY OF BOSTON )
 7
 8        I do hereby certify that the foregoing transcript,
 9   Pages 1 through 9 inclusive, was recorded by me
10   stenographically at the time and place aforesaid in Criminal
11   Action No. 13-10048-FDS, UNITED STATES OF AMERICA vs.
12   KING BELIN and thereafter by me reduced to typewriting and is a
13   true and accurate record of the proceedings.
14              Dated this 4th day of January, 2016.
15                       s/s Valerie A. O'Hara
16                       _____
17                       VALERIE A. O'HARA
18                       OFFICIAL COURT REPORTER
19
20
21
22
23
24
25
```